MIKE LUKANIK, Appellant, v. MIKE BATOVIC, Respondent.

Appeal from an order of the Supreme Court, entered in the New York county clerk's office on the 16th day of March, 1915, granting a motion to open default and to answer.

PER CURIAM: The order appealed from is modified by adding to the conditions to the opening of the default that the defendant file an undertaking within ten days after the service of the order to be entered hereon, for the payment of any judgment that the plaintiff may ultimately recover against him. If such undertaking be not given within the time fixed, the order appealed from will be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Present — Ingraham, P. J., Clarke, Scott, Dowling and Hotchkiss, JJ. Order modified as directed in opinion; if the condition therein stated be not complied with, order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Order to be settled on notice.

---

WILLIAM McLEAN, Respondent, v. STUDEBAKER BROTHERS COMPANY OF NEW YORK, Appellant,

*Negligence — injury to workman.*

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office on the 23d day of October, 1914, on a verdict, and also from an order entered on the 19th day of October, 1914, denying a motion for a new trial.

Judgment and order affirmed, with costs. No opinion. Present — Ingraham, P. J., McLaughlin, Laughlin, Dowling and Hotchkiss, JJ.; Ingraham, P. J., and Hotchkiss, J., dissented.

INGRAHAM, P. J. (dissenting): The plaintiff was not in the employ of the defendant, but in the employ of one who was working for the defendant under an independent contract. In the course of this work he fell off a ladder not furnished by the defendant. The defendant gave no directions as to how the work should be done, and, so far as appears, had no knowledge that the plaintiff was about to work at this particular fanlight or window at the time of the accident. Unless it was the duty of the defendant to keep this fanlight bolted at all times I do not see how it would be negligence to have it unbolted at the time the plaintiff selected for cleaning it. I think there is not the slightest proof that the defendant was negligent or that the accident resulted from any lack of care of the defendant or its employees. I think, therefore, the judgment should be reversed, and the complaint dismissed. Hotchkiss, J., concurred.